UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RALPH DIAZ, *et al.*,<br><br>　　　　Defendants. | Case No. 2:21-cv-00294-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 9<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff has filed a second amended complaint alleging that defendants violated his rights by requiring him to wear a bite mask and refusing to allow him to challenge that restriction. ECF No. 9 at 4. The claim is not adequately pled, however. I will give plaintiff an opportunity to amend his complaint before recommending that it be dismissed.

**Screening and Pleading Requirements**

　　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, on August 14, 2018, defendant Sandra Alfaro put in place a previously unheard-of restriction requiring him to wear a bite mask. ECF No. 9 at 4. Apart from stating this this restriction was imposed "for biting," *id.*, he does not explain what events led to the imposition of this restriction or why Alfaro, whom he alleges is a "director" in the California Department of Corrections and Rehabilitation main office, *id.* at 2, would have been personally involved in his discipline. Plaintiff's allegations against the other defendants are similarly threadbare. He claims that defendants Baughman and Diaz failed to lift the restriction imposed by Alfaro, but not how or when he interacted with these defendants. Ultimately, plaintiff's allegations amount to the sort of "the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has held insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 6, 2022                              _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

3